IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 4:21-CR-3081 |
| vs. | | TENTATIVE FINDINGS |
| BROOKS L. DUESTER, | | |
| Defendant. | | |

The Court has received the presentence investigation report in this case. The defendant has filed a motion for variance (filing 33) and objected to the presentence report (filing 34).

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has objected to the presentence report in two respects. Filing 34. First, the defendant objects to assessing a two-level enhancement to the offense level for an offense that "resulted in substantial financial hardship" to the victim. *See* U.S.S.G. § 2B1.1(b)(2)(A).

> In determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the victim—
>
> (i) becoming insolvent;
>
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
>
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
>
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;

- 2 -

> (v) making substantial changes to his or her living
> arrangements, such as relocating to a less expensive
> home; and
>
> (vi) suffering substantial harm to his or her ability to
> obtain credit.

*Id.*, cmt. n.4(F). None of those specific circumstances appear to be present here, to the extent they're even relevant to a financial institution—rather, the presentence report simply notes that the victim bank "lost more than 20% of their capital due to the actions of the defendant."

But generally, courts have held that a loss qualifies as "substantial hardship . . . if it significantly impacts the victim's resources." *United States v. Aderinoye*, 33 F.4th 751, 757 (5th Cir. 2022) (collecting cases). Whether a loss has resulted in a substantial hardship will, in most cases, be gauged relative to each victim, and the same dollar harm to one victim may result in a substantial financial hardship, while for another it may be only a minor hiccup. *United States v. George*, 949 F.3d 1181, 1185 (9th Cir.), *cert. denied,* 141 S. Ct. 605 (2020); *United States v. Minhas*, 850 F.3d 873, 877 (7th Cir. 2017); *United States v. Castaneda-Pozo,* 877 F.3d 1249, 1252 (11th Cir. 2017). And the Court "may make reasonable inferences about the victims' financial circumstances and about their level of financial harm, so long as those inferences find some support in the record." *Aderinoye*, 33 F.4th at 757.

So, for instance, in *Aderinoye*, the Fifth Circuit found no error in the trial court's application of the enhancement when a small business that had been defrauded continued to operate, but suffered a "six-month setback,"

was unable to pay some vendors, and faced difficulty making payroll. *Id*. The Court of Appeals noted that those facts suggested "temporary insolvency," which was a factor indicative of substantial financial hardship. *Id*. The loss, then, fell *between* a "minimal loss or hardship" and a "devastating loss," where there is a "wide range" in which the Court's discretion is "guided by the non-exhaustive list of factors in Application Note 4." *See id*.; *Minhas*, 850 F.3d at 878.

Accordingly, the Court will resolve this objection at sentencing, keeping in mind the government's burden to prove the applicability of an enhancement to the offense level. *See United States v. Shelabarger*, 770 F.3d 714, 717-18 (8th Cir. 2014).[1]

Second, the defendant objects to the two-level enhancement for an offense that "substantially jeopardized the safety and soundness of a financial institution." *See* § 2B1.1(b)(17)(B)(i).

> The following is a non-exhaustive list of factors that the court shall consider in determining whether, as a result of the offense, the safety and soundness of a financial institution was substantially jeopardized:
>
> (i) The financial institution became insolvent.
>
> (ii) The financial institution substantially reduced benefits to pensioners or insureds.
>
> (iii) The financial institution was unable on demand to refund fully any deposit, payment, or investment.

---

[1] The Court notes, however, that the defendant does not dispute the *facts* stated in support of either enhancement. *See* filing 34. Rather, the objection is a legal one—whether the admitted facts satisfy the legal standard of § 2B1.1(b).

(iv) The financial institution was so depleted of its assets as to be forced to merge with another institution in order to continue active operations.

(v) One or more of the criteria in clauses (i) through (iv) was likely to result from the offense but did not result from the offense because of federal government intervention, such as a "bailout".

*Id.*, cmt. n.14(A). Again, while that is a non-exhaustive list, it doesn't appear that any of those criteria are literally satisfied—at least, not yet. But courts have found that substantial jeopardy enhancements are appropriate even though a financial institution did not actually become insolvent. *See United States v. Simmerman*, 850 F.3d 829, 834 (6th Cir. 2017) (collecting cases). In particular, in *United States v. Young*, the Eighth Circuit held that the enhancement was properly applied when the defrauded banks were able to raise sufficient capital to restore their capital bases, but had for a time been in the "precarious position" of being "critically undercapitalized." 413 F.3d 727, 733 (8th Cir. 2005); *see Simmerman*, 850 F.3d at 834. And that might also have happened here, based on the description in the presentence report. Accordingly, the Court will resolve this objection at sentencing.

Finally, the defendant has moved for a downward variance, based on his personal circumstances and the circumstances of the offense. *See* filing 35. That motion will be resolved at sentencing.

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.   If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge